OPINION OF THE COURT
Per Curiam.
The respondent acknowledges that he is the subject of a disciplinary proceeding wherein he is charged with failing to fully and timely cooperate with the Grievance Committee for the Tenth Judicial District; neglecting a legal matter; engaging in a conflict of interest; and failing to comply with the rules pertaining to the maintenance of escrow accounts by, inter alia, failing to promptly deliver funds to a person entitled to receive them, failing to preserve client funds, commingling, making cash withdrawals, and failing to maintain bookkeeping records. He acknowledges that he cannot successfully defend himself on the merits against the foregoing disciplinary charges.
The respondent avers that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. He has discussed his resignation with his counsel, and is fully aware of the implications of submitting same, including the fact that he is barred from applying for reinstatement for a minimum period of seven years.
This resignation is submitted by the respondent subject to any application that may be made by the Grievance Committee for an order directing that the respondent make restitution and that he reimburse the Lawyer’s Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). The respondent acknowledges the continuing jurisdiction of the Appellate Division, Second Judicial Department, to make such an order, which may be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept the respondent’s resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.
*55 Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, P.J., Mastro, Rivera, Skelos and Dickerson, JJ., concur.
Ordered that the respondent’s resignation is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,
Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated November 29, 2012, is discontinued.